UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL KOPALEISHVILI, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>UZBEK LOGISTICS, INC. and UZBEK TRANSPORT EXPRESS, LLC, and any other entities affiliated with, controlling, or controlled by UZBEK LOGISTICS, INC. and UZBEK TRANSPORT EXPRESS, LLC,<br><br>Defendants. | CLASS ACTION<br><br>Civil Action No.:  17-cv-2375<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Raul Kopaleishvili by his attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought to recover compensation contractually promised to Named Plaintiff and all similarly situated persons who are presently or were formerly truck drivers for UZBEK LOGISTICS, INC. and UZBEK TRANSPORT EXPRESS, LLC and any other entities affiliated with, controlling, or controlled by UZBEK LOGISTICS, INC. and UZBEK TRANSPORT EXPRESS, LLC (hereinafter referred to as "Defendants").

2.      Upon information and belief, at all times relevant to this litigation Defendants have engaged in a policy and practice of not compensating Named Plaintiff and members of the putative class in accordance with the terms and conditions of their employment contract.

3.      Accordingly, the Named Plaintiff initiated this action seeking for himself and on behalf of all similarly situated persons, compensation for all miles driven plus interest, attorneys' fees, and costs.

## JURISDICTION

4.    Jurisdiction of this Court is invoked pursuant to diversity jurisdiction, 28 U.S.C. §§ 1332.

5.    Named Plaintiff Raul Kopaleishvili is a citizen of New York.

6.    Defendants are each citizens of Ohio.

7.    The matter in controversy in this action far exceeds the sum of $75,000.00.

8.    The statute of limitations under New York Labor Law for breach of contract is six (6) years.

9.    Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because Defendants are subject to the court's jurisdiction within the Eastern District of New York.

## THE PARTIES

10.    Named Plaintiff Raul Kopaleishvili is an individual who is currently a resident of the State of New York and was employed by Defendants from approximately June 2015 to February 2017.

11.    Upon information and belief, Defendant Uzbek Logistics, Inc. is a foreign business corporation incorporated under the laws of the State of Ohio, with its principal place of business at 11155 Mosteller Road, Cincinnati, Ohio 45241. Uzbek Logistics, Inc. accepts service at 3843 Golden Meadow Ct., Amelia, Ohio 45102.

12.    Upon information and belief, Defendant Uzbek Transport Express, LLC is a foreign business corporation incorporated under the laws of the State of Ohio, with its principal place of business at 11155 Mosteller Road, Cincinnati, Ohio 45241. Uzbek Transport Express, LLC accepts service at 3843 Golden Meadow Ct., Amelia, Ohio 45102.

## CLASS ALLEGATIONS

13.     This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedure 23.

14.     This action is brought on behalf of the Named Plaintiff and a class consisting of each and every other person who worked for the Defendants as a truck driver.

15.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 individuals.

16.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions include: (i) whether Defendants' contract requires that Defendants pay Named Plaintiff and members of the putative class $0.50 per mile for each mile driven plus the additional wages for multiple stops and (ii) whether Defendants' actually paid the promised wages to Named Plaintiff and members of the putative class.

17.     The claims of the Named Plaintiff are typical of the claims of the putative class.

18.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20.     Prosecuting and defending multiple actions would be impracticable.

21.     Managing a class action will not result in undue difficulties.

## FACTS

22.     Defendants are engaged in the interstate transportation business.

23.     Defendants regularly transport property to and from the State of New York.

24.     Defendants regularly solicit and contract with New York entities for the transportation of property to New York and from New York.

25.     Named Plaintiff Raul Kopaeshvili worked for Defendants from approximately June 2015 to February 2017.

26.     On or about June 3, 2015, Named Plaintiff executed an employment contract ("Contract") with Defendants. A copy of the Contract is annexed hereto as Exhibit A.

27.     Named Plaintiff regularly delivered goods to destinations and business located within New York on behalf of Defendants.

28.     Similarly, after unloading goods in New York, Named Plaintiff's truck was regularly loaded with new goods, to be hauled and delivered to destinations outside of New York.

29.     Defendants assigned Named Plaintiff to job hauls, specifying arrival and departure dates and times, and the delivery route.

30.     Paragraph 5 of the Contract states: "I understand that my rate of pay will be $0.50 Per Mile . . . ."

31.     Named Plaintiff was not paid for all the miles he drove.

32.     Upon information and belief, in calculating the miles worked by Named Plaintiff and members of the putative class, Defendants did not rely on the miles reflected in the GPS on the trucks.

33.     As a result, the miles on Named Plaintiff's pay statement did not accurately reflect the miles Named Plaintiff actually drove.

34.     Named Plaintiff's compensation was regularly short by at least 100 miles in every payment.

35.    By not paying Named Plaintiff at $0.50 for each mile driven, Defendants breached the Contract.

36.    Like Named Plaintiff, members of the putative class also executed contracts with the Defendant that contain the same promise to pay per mile.

37.    Like Named Plaintiff, members of the putative class were also subject to Defendants' policy and practice of not calculating miles driven based on the GPS on the trucks.

38.    Like Named Plaintiff, members of the putative class also were not paid for each mile driven at the contractually agreed upon price.

39.    Accordingly, Named Plaintiff and members of the putative class seek compensation promised under the agreement plus interest, attorneys' fees, and costs.

## FIRST CAUSE OF ACTION:
## <u>BREACH OF CONTRACT</u>

40.    Named Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs.

41.    The Contract provides that drivers are compensated at a rate of $0.50 per mile.

42.    Defendants did not pay Named Plaintiff for all the miles he drove.

43.    Similarly, members of the putative class entered into the same contract with the same pay provision and were not compensated for all miles driven.

WHEREFORE, Named Plaintiff, individually and on behalf of all other persons similarly situated, demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, interest, attorneys' fees and costs; and

(2) any such other and further relief as this Court may deem just and proper.

Dated: New York, New York

April 20, 2017

VIRGINIA & AMBINDER, LLP


_____s/Lloyd R. Ambinder, Esq._____
By:     Lloyd R. Ambinder, Esq.
        Jack L. Newhouse, Esq.
        40 Broad Street, 7th Floor
        New York, New York 10004
        (212) 943-9080

*Attorneys for Plaintiff and the Putative Class*